UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN EMANUEL BONHAM,

          Petitioner,                    Case No. 1:22-cv-694

v.                                          Honorable Paul L. Maloney

MICHELLE LAJOYE-YOUNG,

          Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state pretrial detainee under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.  Factual Allegations**

Petitioner Kevin Emanuel Bonham is detained in the Kent County Jail pending trial. His petition specifically references charges pending in *People v. Bonham*, No. 21-04515-FH (Kent Cnty. Cir. Ct.), but it appears that charges may also be pending in three other cases: No. 20-01173-FH, 20-01175-FH, and 20-02190-FH. *See* https://www.accesskent.com/CNSearch/appStart.action (search First Name "Kevin," Last Name "Bonham," and Year of Birth "1989," last visited Aug. 3, 2022).

On July 23, 2022, Petitioner filed his habeas corpus petition raising two grounds for relief, as follows:

> I.  8th Amendment, Cruel & Unusual punishment. I was raped and sexually assaulted for upwards of 5 months in the Kent County Correctional Facility. I was being coerced and bribed to perform sexual favors to and for a STAFF of KENT COUNTY CORRECTIONAL FACILITY, By a person acting under Color of State Law.
>
> II. 14th Amendment, Equal Protection of the Laws. While incarcerated in the Kent County Correctional facility I was raped and sexually assaulted for upwards of 5 months. I was kiting to rec[ei]ve a grievance and was intentionally ignored for months by STAFF ADMINISTRATION of the Facility. All of what I am saying is on camera and has been investigated.

(Pet., ECF No. 1, PageID.5, 7.)

Petitioner has raised the same issues in a civil rights action filed on March 11, 2022, under 42 U.S.C. § 1983, *Bonham v. Simmons*, No. 1:22-cv-248 (W.D. Mich.) (*Bonham I*), and in a habeas petition filed on July 23, 2022, under 28 U.S.C. § 2241, *Bonham v. LaJoye-Young*, No. 1:22-cv-695 (W.D. Mich.) (*Bonham III*).

**II. Conditions of Confinement**

Petitioner's request for relief is not a typical habeas petition. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of

2

a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id*. The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).

But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id*. at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983."); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under

current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims regarding the constitutionality of his pretrial detention are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983.

Nonetheless, Petitioner's request for relief might also be interpreted as a request for release from custody.[1] That relief is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 961 F.3d at 868 (quoting *Preiser,* 411 U.S. at 498).[2] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "[o]ur precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. But that is not what Petitioner claims. Indeed, his allegations describe the intolerable conditions in the past tense. Moreover, the duration of the intolerable conditions as he

---

[1] The Court's approved § 2254 petition form does not include a section asking the prisoner to identify the relief sought. A request for release is implicit because the petition is intended to attack a judgment of conviction. (ECF No. 1, PageID.1.) The form used for habeas petitions under § 2241, however, includes a section where the prisoner is called upon to request relief. Petitioner's § 2241 petition in *Bonham III* makes clear that he seeks "immediate release." *Bonham III* (Pet., ECF No. 1, PageID.8.)

[2] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 claiming entitlement to release because of the intolerable conditions of confinement they faced because of the COVID-19 pandemic.

4

describes them in his July 2022 petition—"upwards of 5 months"—is the same duration he described in his March 2022 complaint under 42 U.S.C. § 1983. *Compare* (Pet., ECF No. 1, PageID.5, 7) and *Bonham I* (Compl., ECF No. 1, PageID.7–8). There is nothing in the petition to suggest that they continue; nor is there anything in the petition to suggest that the conditions could not be remedied while Petitioner remained confined. Thus, unlike the petitioners in *Wilson*, Petitioner does not contend there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed. Accordingly, Petitioner's allegations of intolerable conditions of confinement do not state a cognizable claim for habeas relief and his request for relief is properly dismissed.

**III.    § 2254 does not afford relief to pretrial detainees**

Section 2254 authorizes the federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254. But Petitioner is not in custody pursuant to the judgment of the Kent County Circuit Court; rather, he is held pursuant to court order pending trial.[3] Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). The Court might be inclined to simply "convert" Petitioner's request for relief to a petition under § 2241. Here, however, Petitioner filed a contemporaneous habeas petition under the proper statutory section, *Bonham III*, so converting this § 2254 petition to a petitioner under § 2241 would simply create a duplicative case.

---

[3] The register of actions of the prosecution Petitioner claims to attack by way of his petition indicates that the trial court set bond by order entered May 24, 2021. *People v. Bonham*, No. 21-04515 (Kent Cnty. Cir. Ct.), available at https://www.accesskent.com/CNSearch/searchROA.action?caseID=1782530&criminal=true (last visited August 3, 2022). Petitioner apparently cannot afford to post bond; he has moved to reduce the bond.

Accordingly, Petitioner's request for relief under § 2254 is also properly dismissed on this alternative ground.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court has dismissed the petition, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:  August 9, 2022  /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge